JOHN D. THOMAS v. CHARLES W. EDGERTON, CONSTABLE, ET AL.

FILED FEBRUARY 15, 1893. No. 4671.

1. **Replevin Bonds:** LIABILITY OF OFFICERS FOR SUFFICIENCY OF SURETIES: CONSTABLES. At common law an officer was liable for the sufficiency of the sureties on a replevin bond; but under section 189 of the Code he is liable after twenty-four hours only where the defendant in replevin has excepted to the sufficiency of the sureties, and they or new sureties have failed to justify.

ERROR from the district court of Douglas county. Tried below before HOPEWELL, J.

*Bradley & De Lamatre,* for plaintiff in error.

*W. S. Felker, G. A. Rutherford,* and *George H. Hastings, contra:*

The officer executing a writ of replevin is not liable for the sufficiency of the sureties on the replevin bond where the defendant fails to except thereto. (*Westervelt v. Bell,* 19 Wend. [N. Y.], 531; *Wilson v. Williams,* 18 Id., 585; Cobbey, Replevin, sec. 695.) A constable who approves the sureties on a replevin bond is protected by the provisions of sec. 189 of the Code. (*State v. Wait,* 23 Neb., 166.)

MAXWELL, CH. J.

This is an action brought by the plaintiff against Edgerton, who is a constable in the city of Omaha, and his sureties, for approving an insufficient undertaking given by one Helm in an action of replevin. The facts are substantially as follows: In December, 1886, one Olive Helm began an action in replevin against the plaintiff before a justice of the peace to recover the possession of certain goods, to which she claimed the right of possession. The order of replevin was placed in the hands of Edgerton for service. He thereupon seized the goods and delivered them to Helm upon the making and delivery to him of an undertaking signed by one J. F. Clapp as surety. The judgment in the replevin action was in favor of the plaintiff for a return of the goods or the value thereof assessed at $90. The goods could not be found, and it is alleged that Clapp is insolvent, and was known to Edgerton to be so when he approved the bond. There is no charge in the petition of willful misconduct on the part of Edgerton. On the trial of the cause judgment was rendered in favor of the defendants.

Section 1037 of the Code provides: "The officer shall not deliver to the plaintiff, his agent or attorney, the property so taken until there has been executed by one or more sufficient sureties of the plaintiff a written undertaking to the defendant in at least double the value of the property taken, but in no case less than $50, to the effect that the plaintiff shall duly prosecute the action, and pay all costs and damages which may be awarded against him."

Section 1040 provides: "If the undertaking required by section 1037 be not given within twenty-four hours from the taking of the property under said order, the officer shall return the property to the defendant. And if the officer deliver any property so taken to the plaintiff, his agent or attorney, or keep the same from the defend-

ant without taking such security within the time aforesaid, or if he take insufficient security, he shall be liable to the defendant in damages."

Section 189 also provides : "The defendant may, within twenty-four hours from the time the undertaking referred to in the preceding section is given by the plaintiff, give notice to the sheriff that he excepts to the sufficiency of the sureties. If he fails to do so, he must be deemed to have waived all objections to them. When the defendant excepts, the sureties must justify upon · notice as bail on arrest. The sheriff or other officer shall be responsible for the sufficiency of the sureties until the objection to them is waived as above provided or until they justify. The property shall be delivered to the plaintiff, when the undertaking required by section 186 has been given." This is substantially section 210 of the Code of New York although in that state the exceptions may be filed "within three days." (Voorheis, Code [9th ed.], 394.)

The section above referred to seems to have been copied into the Code from the Revised Statutes of that state (2 Rev. Stat., 527, secs. 28–33).

In *Wilson v. Williams*, 18 Wend. [N. Y.], 585, the statute was construed, and it was held that the officer was not liable. The same ruling was made in *Westervelt v. Bell*, 19 Wend. [N. Y.], 531–533. In the latter case it is said: "The old precedent of declarations in actions on the case against the sheriff for taking insufficient sureties in replevin will no longer answer without some additional averments. Formerly the sheriff was answerable for the sufficiency of the sureties in all cases; but now he is liable only where the defendant in replevin has excepted to the sufficiency of the sureties, and they, or new sureties to be offered by the plaintiff, have failed to justify within the time prescribed by law. (2 R. S., 527, secs. 28–33.) It must now be averred in declaring against the sheriff that an exception was taken that the sureties or others in their

place did not justify, and that judgment of discontinuance has for that cause been rendered against the plaintiff in replevin." (See also Cobbey, Replevin, sec. 695.) No exceptions were filed to the sufficiency of the sureties and this fact is undisputed. The defendant, therefore, after twenty-four hours would not be liable. It is very clear that both the pleadings and proof fail to show a liability of the defendants, or either of them, to the plaintiff. The judgment is right and is

AFFIRMED.

THE other judges concur.